UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MALKY NELKENBAUM,

                Plaintiff,                          MEMORANDUM AND ORDER
                                                              18-CV-01848

   - against -


CALIBER HOME LOANS, INC.;
SPECIALIZED LOAN SERVICING, LLC;
and GROSS POLOWY LLC,

                Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiff Malky Nelkenbaum ("Malky" or "Plaintiff") brought Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Real Estate Settlement Practices Act, 12 U.S.C. § 2605 *et seq.* ("RESPA"), and common law breach of contract claims against Defendants Caliber Home Loans, Inc. ("Caliber"), Specialized Loan Servicing, LLC ("SLS"), and Gross Polowy LLC ("Gross Polowy"), (collectively, "Defendants") alleging that they failed to comply with a loan modification agreement and foreclosed on her home. (ECF No. 11, "Am. Compl."). On March 26, 2019, the Court denied Caliber's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 35). Pending now before the Court is Gross Polowy's motion for summary judgment and SLS's motion for judgment on the pleadings, pursuant to Rules 56 and 12(c) of the Federal Rules of Civil Procedure, respectively. (ECF Nos. 23, 27). For the reasons explained below, the motions are **DENIED**.

1

**BACKGROUND**

The Court relies on its detailed recitation of the facts in its Memorandum & Order denying Caliber's motion to dismiss, (ECF No. 35), but summarizes the facts relevant to these motions below.

In 2003, Malky and her husband, Efryaim, purchased a home and executed a mortgage (the "Mortgage") and promissory note (the "Note"). (Am. Compl. ¶ 11). They both signed the Mortgage, which secured their home as collateral, but only Efryaim executed the Note, which made him personally responsible for repayment of the loan. (ECF No. 29 at 1). At some point, the couple defaulted on both agreements and Caliber became the servicer of the Mortgage. (Am. Compl. ¶ 14-16). In 2014, Malky and Efryaim divorced and Malky received full ownership of the home in which she still resides. (ECF No. 29 at 1).

In 2014, shortly after Caliber became the servicer of the Mortgage, it commenced an action to foreclose the Mortgage by filing a notice of pendency in New York State Supreme Court. (*Id.*). In 2016, while the foreclosure action was still pending, Caliber accepted Malky for the federal Home Affordable Modification Program ("HAMP"), which would have lowered her mortgage payments and waived certain penalty fees. (Am. Compl. ¶ 19). After she made three trial period HAMP payments and executed the final HAMP Modification Agreement, Caliber imposed a new requirement that Efryaim sign an assumption and release agreement, which Malky could not comply with. (Exhibits E, G, H). Caliber then dishonored the HAMP Modification Agreement and sold and delivered Malky's mortgage to SLS, who, through its law firm Gross Polowy, commenced a foreclosure action on Malky's residence. (Am. Compl. ¶¶ 28-29).

# LEGAL STANDARDS

## I. Summary Judgment

Summary judgment is appropriate when there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). A genuine issue of material fact exists if a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden to demonstrate the absence of a genuine issue of material fact, and the Court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255.

If the summary judgment movant satisfies its initial burden of production, the burden of proof shifts to the non-movant who must demonstrate that a genuine issue of fact does exist. *Id.* at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once the nonmovant has met that requirement, its "allegations [will be] taken as true, and [it] will receive the benefit of the doubt when [its] assertions conflict with those of the movant." *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996).

The Court's role in a motion for summary judgment is one of "issue-finding," not "issue-resolution." *Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 216 (E.D.N.Y. 2007). Therefore, the Court's charge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## II. Judgment on the Pleadings

Rule 12(c) motions for judgment on the pleadings are subject to the same standards applicable to Rule 12(b)(6) motions to dismiss. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a Rule 12(b)(6) motion, the Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in its favor. *ATSI Commc'ns, Inc. v. Shaar Fund, LTD.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court may consider, in addition to the facts stated in the complaint, "any written instrument attached to the complaint," as well as "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *Id.*

## DISCUSSION

Malky asserts claims pursuant to Sections 1692e and 1692f of the FDCPA against SLS and its attorney, Gross Polowy. She alleges that they "made false statements in the collection of a debt, falsely stated the amount owed on a debt, attempted to collect amounts from [her] that are not owed, refused to honor the HAMP modification for which [she] was approved, and otherwise engaged in unconscionable means of debt collection." (Am. Compl. ¶ 55). The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To establish a violation under the FDCPA, "(1) the plaintiff must

be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, [] (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Healy v. Jzanus Ltd.*, No. 02-CV-1061 (CBA) (ASC), 2002 WL 31654571, at *2 (E.D.N.Y. Nov. 20, 2002).

I. **Gross Polowy's Motion for Summary Judgment**

In its previous Memorandum & Order denying Caliber's motion to dismiss, the Court noted that even though Malky was only a signatory to the Mortgage and not the Note, Malky is a "consumer" who has been the object of efforts to collect a consumer debt. (ECF No. 35 at 5-6). The issue here is whether Gross Polowy, a law firm that specializes in mortgage foreclosures, is a "debt collector" within the meaning of the statute, which defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Gross Polowy argues that because a mortgage foreclosure is not a "debt collection," it cannot be a "debt collector." Considering the Second Circuit's opinion in *Cohen v. Rosicki, Rosicki, & Associates, P.C.*, 897 F.3d 75, 82 (2d Cir. 2018), which broadly held that a foreclosure action is an "attempt to collect a debt" as defined by the FDCPA, the Court disagrees.

While the Court is skeptical about whether a law firm is a "debt collector" simply by its representation of debt collectors, it appears that the Supreme Court and the Second Circuit have already addressed this issue and answered that question in the affirmative. *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004) ("The Supreme Court has made it clear that the FDCPA applies to attorneys 'regularly' engaging in debt collection

activity, including such activity in the nature of litigation.") (citing *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995)). In considering the appropriate factors, including "(1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations," the Court concludes that there is a genuine issue of material fact as to whether Gross Polowy regularly attempts to collect a debt and is therefore a "debt collector" for purposes of the FDCPA. *Goldstein*, 374 F.3d at 62-63.

Gross Polowy argues that even if it is a "debt collector," it did not violate the FDCPA because (1) agreements concerning real property must be in writing pursuant to the statute of frauds and there was no written agreement between Malky and Caliber curing the mortgage default and (2) its foreclosure complaint, which is a formal pleading in a civil action, is not treated as a communication for purposes of the FDCPA. Those arguments must fail. First, as the Court described in detail in its Memorandum & Order denying Caliber's motion to dismiss, the offer and acceptance sent to Malky approving her for the HAMP modification program and the signed Modification Agreement were all in writing. Those written agreements were acknowledged by Caliber when it cancelled the notice of pendency in state court on the grounds that "the case was settled by loan modification." (ECF No. 35 at 2-3).

Second, a "communication" is defined broadly in the FDCPA as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C.

6

§ 1692a(2). While a formal pleading cannot be considered an "initial communication" that triggers the requirements under Section 1692g of the statute, Malky does not make that claim. *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 213 (2d Cir. 2017). She claims only that the foreclosure action here is an unfair collection practice and includes misrepresentations in light of the HAMP Modification Agreement, in violation of Sections 1692e and 1692f of the statute. Accordingly, there is a genuine issue of material fact as to whether Gross Polowy's foreclosure action violates the FDCPA and its motion for summary judgment is denied.

## II. SLS's Motion for Judgment on the Pleadings

SLS's one-page memorandum incorporates by reference the arguments made by Caliber in its motion to dismiss and Gross Polowy in its motion for summary judgment. (ECF No. 27). This includes the argument that Malky is not a "consumer" for purposes of the FDCPA. For the same reasons discussed above and in the Court's previous Memorandum & Order denying Caliber's motion to dismiss, SLS's motion for judgment on the pleadings is denied.

## CONCLUSION

Accordingly, for the reasons discussed above, Gross Polowy's motion for summary judgment and SLS's motion for judgment on the pleadings are **DENIED**.

SO ORDERED.

Dated: Brooklyn, New York
July 31, 2019

/s
I. Leo Glasser                                    U.S.D.J.